IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
JOSE CHAVEZ HERNANDEZ,        )
                              )
           Petitioner,        )          8:10CV127
                              )
     v.                       )
                              )
ERIC HOLDER and               )          MEMORANDUM OPINION
JANET NAPOLITANO,             )
                              )
           Respondents.       )
_____)
```

This matter is before the Court *sua sponte* on the issue of whether the Court has subject matter jurisdiction over this case. Courts "have the right and duty to raise" questions of subject matter jurisdiction at any time. *Borntrager v. Cent. States Se. & Sw. Areas Pension Fund*, 577 F.3d 913, 919 (8th Cir. 2009). On April 7, 2010, petitioner Jose Chavez Hernandez ("Hernandez") filed with the Court a petition for writ of habeas corpus and emergency request for stay of deportation (the "petition") (Filing No. 1). On April 8, 2010, the Court conducted an informal status conference with the parties. At the conference, the Court cautioned the parties that the Court may not have subject matter jurisdiction to rule on the petition, and directed Hernandez's counsel to file a brief addressing whether this Court has subject matter jurisdiction. Petitioner filed his brief on April 9, 2010 (Filing No. 3).

Upon review, the Court finds it lacks subject matter jurisdiction to rule on the petition. Therefore, the Court will dismiss the petition without prejudice.

**BACKGROUND**

Briefly recounting the facts as stated in the petition, Hernandez is a Mexican citizen who received lawful permanent resident status in the United States in 1995. In March 2006, Hernandez was charged with violating two Iowa state controlled substances laws. Later in October 2006, Hernandez pled guilty to one of the violations, for which he went to prison for an undisclosed amount of time. Hernandez states that at the time of his plea, his counsel did not inform him that his plea would make him eligible for deportation under 8 U.S.C. § 1227(a)(2)(B)(I). After his release from prison, Hernandez returned to Mexico.[1] In early July 2009, Hernandez attempted to return to the United States, but he was denied entry and was detained as an arriving alien. Thereafter, on August 10, 2009, Hernandez was charged as removable under 8 U.S.C. § 1182(a)(2)(A)(i), which prohibits admission of aliens who have violated a controlled substance law. On December 2, 2009, an immigration judge (the "IJ") found Hernandez was removable and not eligible for any form of relief

---

[1] At the April 8, 2010, conference, Hernandez's counsel indicated Hernandez traveled between the United States and Mexico on at least three occasions after his release from prison. The Court has no information regarding the circumstances of these trips or whether they were voluntary.

from removal. On March 30, 2010, the Board of Immigration Appeals (the "BIA") upheld the IJ's determinations and refused to continue the case in order to allow Hernandez to seek other forms of post-conviction relief. Thereafter, on April 7, 2010, Hernandez filed the petition, pursuant to 28 U.S.C. § 2241.

In the petition, Hernandez argues his deportation would violate the U.S. Constitution and the Immigration and Nationality Act, under the U.S. Supreme Court's recent ruling in *Padilla v. Kentucky*, No. 08-651, 2010 WL 1222274 (U.S. Mar. 31, 2010) (publication forthcoming). Under *Padilla*, Hernandez argues he received ineffective assistance of counsel, see *Strickland v. Washington*, 466 U.S. 668 (1984), during his state criminal case in Iowa because his counsel for that case did not inform Hernandez that he could be deported from the United States for a controlled substance violation. As a result of this ineffective assistance, Hernandez argues his controlled substance convictions must be vacated, thereby nullifying the underlying basis for his current deportation predicament. Concurrent to the petition, Hernandez also filed an application to vacate and expunge conviction (Filing No. 1-1, Exhibit A) with the Iowa District Court for Woodbury County.

In his petition, Hernandez seeks the following substantive remedies from this Court:

> 1)  Issue a Writ of Habeas Corpus directing the respondents to bring

>the petitioner to this Court at a time to be specified and explain why the petitioner should not be released from custody immediately;
>
>2) Issue a judgment declaring that the removal of the petitioner from the United States to Mexico violates the United States Constitution and the Immigration and Nationality Act as alleged [in the petition];
>
>3) Issue a declaratory judgment stating that the petitioner is not an "arriving alien," but is a lawful permanent resident of the United States entitled to the protection of the Due Process Clause and the Sixth Amendment of the Constitution.

(Petition, Filing No. 1, at 6, ¶¶ 1-3). Hernandez maintains jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1361, 2241 (respectively, federal question, mandamus, and writ habeas corpus).

## DISCUSSION

It is axiomatic that federal courts are courts of limited jurisdiction. Lower federal courts cannot exercise jurisdiction over an action unless Congress has provided a statutory basis for jurisdiction. *Cary v. Curtis*, 44 U.S. (3 How.) 236, 245 (1845); *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992). Courts have jurisdiction to determine whether they have jurisdiction. *See Stoll v. Gottlieb*, 305 U.S. 165, 171 (1938).

The question of whether the Court has jurisdiction to rule on the petition turns on whether the petition challenges the IJ's order of removal, thus falling under the purview of the REAL ID Act of 2005, codified at 8 U.S.C. § 1252. Section 1252 places "exclusive review of orders of removal with circuit courts." *Skurtu v. Mukasey*, 552 F.3d 651, 655 (8th Cir. 2008) (internal quotation omitted). Paragraph (a)(5) of § 1252 states "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Moreover, this paragraph explicitly excludes courts other than the courts of appeals from exercising jurisdiction over habeas corpus petitions made pursuant to 28 U.S.C. § 2241. *Id.* Thus, if the petition is best characterized as a petition for review, this Court would lack jurisdiction to adjudicate the petition under § 1252(a)(5), even if Hernandez characterized the petition as a habeas corpus petition under § 2241.

The Court finds *Haider v. Gonzales*, 438 F.3d 902 (8th Cir. 2006), and *Skurtu v. Mukasey*, 552 F.3d 651 (8th Cir. 2008), controlling to determine whether the petition is actually a petition for review camouflaged as a habeas corpus petition. In *Haider*, an alien filed a habeas corpus petition with the district court challenging his removal because of an alleged due process

violation, in which the alien asserted he had not received adequate notice of the removal proceedings initiated against him. *Haider*, 438 F.3d at 904, 906, 908, 910. The District Court transferred[2] the habeas corpus petition to the Court of Appeals for the Eighth Circuit after the district court was "'left with the inescapable conclusion that [the alien]'s challenge to the constitutionality of the notice provided to him, is, in effect, a challenge to the ultimate Order of Removal.'" *Id.* at 910 (quoting the district court's report and recommendation). The Eighth Circuit agreed with the district court, noting the alien's habeas corpus petition did nothing more than attack the immigration judge's removal order. *Id.* Therefore, the Eighth Circuit determined the district court had correctly determined that it lacked jurisdiction over the alien's habeas corpus petition. *Id.*

Applying *Haider*, the Eighth Circuit in *Skurtu* again determined an alien's habeas corpus petition was best characterized as a petition for review falling under the Eighth Circuit's exclusive jurisdiction. *Skurtu*, 552 F.3d at 656. In *Skurtu*, the alien filed a "Complaint" with the district court

---

[2] Upon enactment in 2005, the REAL ID Act directed district courts to transfer any habeas corpus petitions challenging a final order of removal pending on the enactment date to the appropriate circuit court. REAL ID Act of 2005, Pub. L. No. 109-13, div. B, tit. I, § 106(c), 119 Stat. 231, 311 (2005). Since Hernandez's petition was not pending on the REAL ID Act's enactment date, the transfer provision is inapplicable.

asserting Fifth Amendment due process violations and attacking an immigration judge's final order of removal.  *Id.*  Specifically, the "Complaint" asserted the immigration judge who entered the order of removal violated the alien's "right to appointed counsel and his right to a fair hearing due to the [immigration judge's] failure to fully and fairly develop the record."  *Id.* at 654.  The Eighth Circuit disagreed with the alien's argument that these alleged constitutional violations were properly brought before the district court.  *Id.* at 658.  The Eighth Circuit ultimately found the alien's constitutional challenges resulted from the removal proceedings before the immigration judge, attacked the immigration judge's decision not to appoint counsel or more fully develop the record, and, as such, sought review of the immigration judge's removal order.  *Id.*  Therefore, the alien's "Complaint" was in effect a petition for review, upon which only the Eighth Circuit could rule.  *See id.*

The petition in this case is similar to the habeas corpus petition and "Complaint" filed in *Haider* and *Skurtu*, respectively.  As in those cases, where the filings made with the district court essentially only attacked an immigration judge's final order of removal, Hernandez's petition only attacks the IJ's order of removal.  Similar to the court's decisions in *Haider & Skurtu*, where the filings were cloaked as constitutional challenges, Hernandez has cloaked his petition as a

-7-

constitutional challenge. The substantive relief Hernandez seeks in the petition is to have the Court enter declaratory judgment finding his removal violates U.S. Constitution and the Immigration and Nationality Act and finding he is not an "arriving alien," but rather is a lawful permanent resident of the United States entitled to constitutional protections. If the Court granted such relief to Hernandez, the Court would essentially overturn the IJ's rulings. Hernandez's petition is best characterized as a petition for review, for which the Eighth Circuit Court of Appeals has sole and exclusive jurisdiction, pursuant to 8 U.S.C. § 1252(a)(5).

Hernandez maintains the Court has subject matter jurisdiction over the petition. Hernandez cites in support of this argument the cases of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Clark v. Martinez*, 543 U.S. 371 (2005). The Court finds these cases inapplicable to the issues presented in this case. In *Zadvydas* and *Clark*, the Supreme Court determined a habeas corpus proceeding remained available as an avenue for aliens to challenge a post-removal-period detention when the alien was detained beyond the ninety-day removal period prescribed by 8 U.S.C. § 1231. *Clark*, 543 U.S. at 386; *Zadvydas*, 533 U.S. at 688. The Supreme Court's rulings in these cases are not applicable to Hernandez's situation, as Hernandez is not making a post-removal-period-detention challenge. Rather,

-8-

Hernandez's petition challenges the IJ's order of removal. Indeed, the main form of relief Hernandez requests in the petition is for the Court to declare that his removal from the United States violates the Constitution and other provisions of law. Because Hernandez challenges his removal, the Supreme Court's rulings in *Zadvydas* and *Clark* are inapplicable. Therefore, the Court will dismiss his petition without prejudice.

      Although this Court may lack subject matter jurisdiction over the petition, Hernandez will still be able potentially to obtain the relief he seeks from other courts. Hernandez currently has an application to vacate and expunge conviction pending in the Iowa District Court for Woodbury County. The Iowa court will be able to rule upon whether Hernandez's prior controlled substance conviction violates any provision of law. In addition, Hernandez may petition the Eighth Circuit Court of Appeals for a stay suspending the operation of the IJ's order of removal. During the informal status conference the Court conducted with the parties on April 8, 2010, Hernandez's counsel conceded one of his primary motives for filing the petition was to obtain a stay suspending the IJ's order of removal so that Hernandez could remain in the United States during the adjudication of his application in Iowa state court. However, the power to issue a stay suspending the operation of an order of removal specifically resides with the

court of appeals.  *See* 8 U.S.C. § 1252(b)(3)(B) ("Service of the petition [for review] on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court[3] orders otherwise.'); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[W]e have the authority to enter a judicial stay of removal.  *See* § 1252(b)(3)(B).").  In light of § 1252(b)(3)(B), Hernandez is able to submit a petition for review to the Eighth Circuit, which will have discretion to enter a stay suspending Hernandez's removal until the adjudication of his application in Iowa state court.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 12th day of April, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

[3] The Court finds "court," as used in 8 U.S.C. § 1252(b)(3)(B) is a short reference for "court of appeals," under the doctrine of *noscitur a sociis*, in which the meaning of an ambiguous word may "known by the company it keeps." *United States v. Stanko*, 491 F.3d 408, 416 (8th Cir. 2007); *cf.* § 1252(b)(2) (referring to "court of appeals").